**Tagged opinion**

ORDERED in the Southern District of Florida on May 14, 2008



John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

**McDONALD ENDS FERGUSON,**

    Debtor.
_____/

**SONYA L. SALKIN**, Trustee, et al.,

    Plaintiffs,

vs.

**VBX, INC.** d/b/a **FERGO** and d/b/a **FERGO ATHLETICS**, et al.,

    Defendants.
_____/

Case No. 06-14392-JKO

Chapter 7

Adv. Proc. No. 07-01172-JKO-A

## ORDER SCHEDULING HEARING ON DEFENDANTS' MOTION TO MODIFY AND PLAINTIFFS' MOTION TO STRIKE

**THIS CASE** is before me on Defendants' Motion to Modify Order upon Discovery Conference to Require that Future Communication Be with Patrick Scott, Esq ("Defendants' Motion") [DE 160] and Plaintiffs' Motion to Strike [DE 167] ("Plaintiffs' Motion") Defendants' Motion.

I have previously entered orders at the request of the parties to require that communications between Mr. Goldman, counsel for the Defendants, and the Plaintiff's counsel, be conducted solely with Ms. Richter. I did so because I became satisfied that communication between Mr. Goldman and Mr. Jacobs was impossible.[1]

It is truly remarkable to me that the personal interactions among the lawyers in this case have more closely resembled those conducted in a marginally disfunctional elementary school playground than they have the behavior of licensed professionals conducting serious litigation in a federal court. I do not tar all equally with the same brush.[2] But so that the litigators here can understand some of my predilictions, a few words seem pertinent. First, the filing of a Bar grievance during the midst of a case (as Ms. Richter has apparently done, aimed at Mr. Goldman) smacks of running to the teacher when your classmate who sits two rows over stuck out his tongue at you during recess. The complaint may be fully justified (or not), but for goodness sake, can't it wait until the case is over (and perhaps the passions of the moment have cooled)? Next, the notion that "I won't talk to

---

[1] Indeed, I have been able to comprehend very little of what Mr. Jacobs has said to me in court and can only assume that the amazing vagueness and obscurity of his arguments made to date in court are not clearer in communication with his adversary.

[2] Mr. Scott, who represents solely the Trustee, Sonya Salkin, has been a model of decorum and clarity. Mr. Brown, co-counsel with Mr. Jacobs and Ms. Richter, has been largely quiet.

him/her because s/he's mean to me" is a developmental stage that third grade teachers[3] have to cope with: do the lawyers in this case really think that I should have to do so? So that the litigators in this case understand clearly what to expect at the hearing set below, my strong encouragement is that the parties suck it up, put their personal feelings aside, and get this case tried promptly.

Accordingly, it is **ORDERED** a hearing on the Defendants' Motion [DE 160] and Plaintiffs' Motion [DE 167] is scheduled on **May 20, 2008, at 1:30 p.m. before the Honorable Judge John K. Olson at the United States Bankruptcy Court, 299 East Broward Blvd. Courtroom 301, Ft. Lauderdale, Florida 33301**.

# # #

Copies furnished to:

Mitchell E Jacobs, Esq
15001 NW 42 Ave #121
Miami, FL 33054

Patrick S Scott, Esq
111 S.E 12 St # B
Ft. Lauderdale, FL 33316

David Marshall Brown, Esq
33 NE 2 St # 208
Ft. Lauderdale, FL 33301

Miriam Richter
15001 NW 42 Ave
Miami, FL 33054

Patrick S Scott, Esq
111 S.E 12 St # B
Ft. Lauderdale, FL 33316

---

[3] Actually, "plays well with others" is a kindergarten-standard development measure. I have escalated it to third grade here because I view preparation for trial as akin to working on a joint project.

Robert E Goldman, Esq
1 E Broward Blvd #700
Ft. Lauderdale, FL 33301

Mr. Goldman is directed to serve a conformed copy of this order on all other interested parties.

I:\ORDERS\07-01172-Salkin v. VBX - Order setting Mtn Vacate-Mtn Strike - Communication Order.wpd